**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

KATHALEEN ST. JUDE MCCORMICK
    CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

March 29, 2022

John L. Reed, Esquire
Ronald N. Brown, III, Esquire
Kelly L. Freund, Esquire
DLA Piper LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801

Bernard G. Conaway, Esquire
Conaway-Legal LLC
1007 North Orange Street, Suite 400
Wilmington, DE 19801

Re:   *Golub CEE Investors, LLC v. GGH-RE Investment Partners, et al.*,  C.A. No. 2021-0810-KSJM

Dear Counsel:

This letter resolves the plaintiff's motion to enforce the status quo order and for an order to show cause why the defendants should not be held in contempt (the "Motion").[1]

By way of background, the plaintiff in this action, Golub CEE Investors ("Golub"), seeks a declaration pursuant to 6 *Del. C.* § 18-110 that defendant GGH-RE Investment Partners Limited ("GGH-RE") has been removed from its position as Operating Managing Member of the nominal defendant, Golub Gethouse Realty Company LLC (the "Company").[2]   Golub and GGH-RE each own 50% of the Company.   GGH-RE is controlled by the other defendant in this action, Cezary Jarząbek.  The parties conduct real estate dealings in and around eastern Europe, particularly in Poland.  Jarząbek is a citizen of Poland.

---

[1] *See* C.A. No. 2021-0810-KSJM, Docket ("Dkt.") 80 ("Mot.").

[2] *See* Dkt. 1, Compl. ¶¶ 51–63.

This is the second action in this court between these parties. The first action, filed by Golub on November 11, 2020, similarly sought to remove GGH-RE as Operating Managing Member of the Company under the Company's LLC Agreement and to enjoin Jarząbek's attempted sale of one of the Company's projects, known as Projekt Mennica.[3] The parties settled that action and amended the LLC Agreement (the "Second Amendment"), and I granted the parties' stipulation of dismissal without prejudice on February 10, 2021.[4]

The respite was relatively brief, unfortunately. Golub filed the instant action on September 20, 2021, alleging that GGH-RE and Jarząbek had breached various provisions of the LLC Agreement, as amended, by engaging in much the same conduct alleged in the first action; i.e., that Jarząbek is and was engaging in business transactions on the Company's behalf without Golub's approval, in violation of Golub's rights under the LLC Agreement.

The plaintiff alleged that Jarząbek was continuing to conduct transactions on the Company's behalf and moved for a status quo order (the "Status Quo Order") to prevent him from doing so while this litigation was pending. I granted the motion after a hearing on January 7, 2022.[5] Jarząbek was present at that hearing, representing himself *pro se*, and

---

[3] *See* C.A. No. 2020-0967-KSJM, Dkt. 1, Verified Compl. for Declaratory J. & Injunctive Relief.

[4] *See* C.A. No. 2020-0967-KSJM, Dkt. 25.

[5] *See* Dkt. 47 (Status Quo Order).

worked with the plaintiff's counsel to revise the plaintiff's form of order to make the ultimate version acceptable to both sides.[6] During the hearing, I instructed Jarząbek to "proceed with caution," and stated that "[i]f you authorize the sale of an asset, an indirect asset of the company . . . you may be exposed to liability."[7]

Paragraph 5 of the Status Quo Order forbade Golub and GGH-RE from, among other things, "tak[ing] any actions that are outside the ordinary course of business, on behalf of the Company or any of its direct or indirect subsidiaries."[8] The plaintiff alleges that the defendants breached the following subparts of Paragraph 5, which are defined without limitation as actions outside the ordinary course of the Company's business:

> (d) Agreeing to any transaction, the consummation of which would require the approval of Golub . . .
>
> (e) Agreeing to any transaction that would constitution [sic] a "Major Decision" as defined in the LLC Agreement . . .
>
> (m) In any way transferring, encumbering, exchanging, expending, pledging, loaning, selling, or otherwise disposing of, directly or indirectly: (i) any asset of the Company or any interest therein with a value in excess of $25,000, or (ii) any combination of assets with an aggregate value in excess of $25,000 . . .
>
> (n) Engaging in, entering into, or agreeing to any transaction, contract, or agreement the value of which exceeds $25,000, or

---

[6] *See* Dkt. 53, Tr. of Jan. 7, 2022 Hr'g on Pl.'s Mot. for Default J. & for Entry of a Status Quo Order 34:6–73:13.

[7] *Id.* 72:2–5.

[8] Status Quo Order ¶ 5.

> any combination of transactions, contracts, or agreement with an aggregate value in excess of $25,000 . . .[9]

Major Decisions, as referenced in Paragraph 5(e) above, are defined under Section 10.3 of the LLC Agreement to include:

> (vii) Enter[ing] into mergers, consolidations, reorganizations, recapitalizations or similar transactions involving the Company . . . (xi) The direct or indirect sale or lease of a Project or any Units not in accordance with an approved Project Budget . . . or (xii) The financing or refinancing of a Project, including any indemnity or guarantee thereunder, and any material modification of the terms of any such financing.[10]

The Second Amendment to the LLC Agreement modified the definition of "Project" to mean "[a]ny residential, office, retail, or commercial or project or land held for the development thereof located in the Territory which is directly or indirectly acquired, developed or redeveloped by the Company or for which the Company provides any services, *including any direct or indirect interest therein*."[11]  The italicized language was added to the definition by the Second Amendment.

Golub filed the Motion on February 25, 2022, arguing that the defendants violated the Status Quo Order by attempting to sell a project known as "Project Postepu" to an entity called Trei Real Estate without informing Golub or seeking its consent.

---

[9] *Id.*

[10] Mot. Ex. A (LLC Agreement) § 10.3.

[11] Mot. Ex. C (Second Amendment) ¶ 2; *see* LLC Agreement § 1.1.

Court of Chancery Rule 70(b) authorizes the court to find a party in contempt for "failure . . . to obey or to perform any order."[12] "The remedy of civil contempt serves two purposes: to coerce compliance with the order being violated, and to remedy injury suffered by other parties as a result of the contumacious behavior."[13] "To be held in contempt, a party must be bound by an order, have notice of it, and nevertheless violate it."[14] "A cardinal requirement for any adjudication of contempt is that the order allegedly violated give clear notice of the conduct being proscribed."[15] "Whether a party should be held in contempt is a discretionary matter for the Court."[16] "For a party to be found in contempt for violation of the Court's Order that violation must not be a mere technical one, but must constitute a failure to obey the Court in a 'meaningful way.'"[17]

Turning to the subject of the Motion, Project Postepu is directly owned by GGH Management 10 sp. z.o.o. ("GGH 10"). GGH 10 is indirectly owned by a Polish "FIZ" (the "Golub FIZ"). An FIZ is a type of Polish entity that essentially functions as a closed-end investment fund with no board and is managed by a regulated investment fund management company known as a Towarzystwo Funduszy Inwestycyjnych. To make it

---

[12] Ct. Ch. R. 70(b).

[13] *Aveta Inc. v. Bengoa*, 986 A.2d 1166, 1181 (Del. Ch. 2009).

[14] *Id.*

[15] *Mother Afr. Union First Colored Methodist Protestant Church v. Conf. of Afr. Union First Colored Methodist Protestant Church*, 1992 WL 83518, at \*9 (Del. Ch. Apr. 22, 1992).

[16] *In re TransPerfect Glob., Inc.*, 2019 WL 5260362, at \*10 (Del. Ch. Oct. 17, 2019).

[17] *Dickerson v. Castle*, 1991 WL 208467, at \*4 (Del. Ch. Oct. 15, 1991) (citation omitted).

easier for people who do not speak Polish, I'll call it a "TFI." An FIZ issues certificates to its investors to demonstrate ownership. According to the defendants, these certificates do not confer ownership or any management interest in the assets of the FIZ, merely the FIZ itself.[18] The Golub FIZ is indirectly owned by the Company, according to an organizational chart submitted to the court by the defendants (though not produced in discovery).[19]

Jarząbek is currently the sole member of GGH-10's management board. The Second Amendment required changes to GGH-10's board. Specifically, under Section 7, GGH-RE agreed to "cause . . . Jarzabek to fully and promptly cooperate with Golub and its attorneys and representatives in accomplishing the objectives set forth on Exhibit A hereto with respect to certain Projects of the Company and certain entities in which the Company has an interest."[20] Exhibit A, Section D, is titled "POSTĘPU PROJECT" and seeks, among other things, the appointment of a Golub nominee to the two-member management board of GGH-10.[21] Golub identified Hanna Podwysocka as its nominee.

After the other manager of GGH-10 resigned, Jarząbek attempted to place Podwysocka on the GGH-10 board in accordance with his obligations under the Second Amendment. The TFI in charge of the Golub FIZ, Forum TFI, objected.[22] The parties

---

[18] *See* Dkt. 82 ("Opp'n") ¶ 7.

[19] *See* Opp'n Ex. F.

[20] Second Amendment § 7.

[21] *Id.* Ex. A § D.

[22] *See* Mot. ¶ 9; Opp'n ¶ 3.

strenuously dispute whether Jarząbek's failure to get Podwysocka appointed to the board of GGH-10 constitutes a breach of the Second Amendment, and I expect to hear more details about that issue at the coming trial. The issue of breach in connection with the Podwysocka appointment is not entirely relevant to the instant Motion.

Relevant here is that Jarząbek's failure to get Podwysocka appointed has inured to Jarząbek's benefit, because he has been left as the sole board member of GGH-10. This has freed him to continue making decisions on behalf of GGH-10. The Motion alleges that, on February 20, 2022, Golub learned that Jarząbek had been negotiating to sell Project Postepu without informing Golub and in violation of both the Status Quo Order and the LLC Agreement.[23]

In response, the defendants first argue that Golub had notice of the contemplated sale of Project Postepu in March 2021. This argument seems beside the point, however—providing Golub with notice of the decision does not absolve Jarząbek from pursuing it in violation of his obligations.

The defendants' second argument is that, because of the FIZ structure, the Company has no interest in Project Postepu, never had a right to appoint a board member under the LLC Agreement because that right belongs to Forum TFI, and thus Golub never had the right to restrict Jarząbek's actions as a board member of GGH-10.[24]

---

[23] *See* Mot. ¶ 13.

[24] *See* Opp'n ¶ 12.

Although the defendants' second argument is more forceful, it too fails. Regardless of the massive interlocking web of entities and the FIZ between the Company and Project Postepu, and acknowledging I have barely scratched the surface of that behemoth structure, Postepu constitutes a "Project" under the LLC Agreement. When the parties amended the LLC Agreement, they clearly had Postepu in mind—it was specifically discussed in Exhibit A to the Second Amendment. Even if it was not, Postepu meets the definition of "Project" under the LLC Agreement because it is a "project" that has been "directly or indirectly acquired, developed or redeveloped by the Company or for which the Company provides any services, including any direct or indirect interest therein."[25] The Company has an "indirect interest" in Project Postepu, regardless of the chain of entities or FIZ between them. Attempting to sell Project Postepu is a "Major Decision" under the LLC Agreement. Thus, the Status Quo Order forbids GGH-RE, and by extension Jarząbek, from attempting to sell Project Postepu.[26]

It is entirely possible that, as defendants argue, the LLC Agreement turns out to be unenforceable under Polish law to the extent that it purports to encumber Forum TFI, and not the Company. But this court can enjoin GGH-RE and Jarząbek from taking action that they voluntarily agreed to refrain from pursuing through the LLC Agreement and the Status Quo Order. Jarząbek agreed through the Status Quo Order not to pursue any transaction that would constitute a Major Decision under the LLC Agreement. It would defeat the

---

[25] Second Amendment.

[26] *See* Status Quo Order ¶ 5(e); LLC Agreement § 10.3(xi).

purpose of the Status Quo Order to allow Jarząbek to avoid his commitments by hiding behind his interpretation of Polish law.

Status quo orders, particularly in the context of a dispute about corporate governance, are intended to do just that: maintain the status quo of a given entity's operations while the dispute progresses through litigation. Attempting to sell Project Postepu while this litigation is pending, simply because Golub has not yet been successful in enforcing its bargained-for right under the Second Amendment to appoint its own nominee to GGH-10's board, therefore constitutes a violation of both the letter and the spirit of the Status Quo Order.

That said, I do not view a finding of contempt as appropriate. This matter is complicated by the Polish law issues, so I am granting the Motion to the extent it seeks to enjoin GGH-RE and Jarząbek from pursuing the sale of Project Postepu but denying it to the extent it seeks a contempt hearing. The parties shall submit a joint proposed order reflecting this ruling.

On reply and at oral argument, the plaintiff contended that Jarząbek is also violating the Status Quo Order by negotiating an extension of a loan for Project Livinn Krakow, which doesn't involve the FIZ issue because it is owned by "GGH-8," not GGH-10. The plaintiff argues that this constitutes a breach of the Status Quo Order and LLC Agreement as well, and it may be. However, the parties barely touched on this issue in the papers or at oral argument, and I am not prepared to enjoin a refinancing of Project Livinn Krakow on such a limited record. The parties are directed to meet and confer to discuss whether

the reasoning of this letter decision applies with equal force to the refinancing of Project

Livinn Krakow and may provide for that Project in the proposed order they are directed to

submit.

      IT IS SO ORDERED.

                    Sincerely,

                    */s/ Kathaleen St. Jude McCormick*

                    Kathaleen St. Jude McCormick
                    Chancellor

cc:     All counsel of record (by *File & ServeXpress*)